UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER RELATING TO GOOGLE ACCOUNT | UNDER SEAL<br><br>23 M 60166<br><br>Rebecca R. Pallmeyer<br>Chief Judge |

**APPLICATION FOR AN ORDER**
**RELATING TO CERTAIN GOOGLE ACCOUNT**

Corey B. Rubenstein, an attorney of the United States Department of Justice, hereby applies to the Court for an order relating to the following account at Google LLC (the "Service Provider"):

- rdunlap333@gmail.com ("**Subject Account 1**" or "**the Subject Account**")

By this Application, the government requests that this Court enter an Order granting the following relief:

- Requiring the Service Provider to provide historical and other non-content records for the **Subject Account** for the period of time from the creation of the **Subject Account** to the present date.

This Application also requests, as set forth more fully below, that this Court's orders and this Application be sealed until further notice of this Court.

In support of this Application, applicant states the following:

**Authority to Seek Orders**

1. Applicant is an Attorney for the government as defined by Federal Rule of Criminal Procedure 1(b)(1)(B) and, therefore, may apply for orders requesting the

specified relief pursuant to Title 18, United States Code, Sections 2703 (records concerning electronic communications).

## Request for Records & Other
## Non-Content Information Pursuant to 18 U.S.C. § 2703(d)

2. Because the Service Provider functions as an electronic communications service provider (*e.g.*, provides its customers access to electronic communication services, including email and messaging) and/or a remote computing service (*e.g.*, provides computer facilities for the storage and processing of electronic communications), Title 18, United States Code, Section 2703 sets out particular requirements that the government must satisfy in order to compel disclosure of the subscriber and other records it is seeking.

3. Service of a subpoena allows the government to obtain from a provider of an electronic communications service or a remote computing service a subscriber's or customer's name, address, length and type of service, connection and session records, instrument number including any temporarily assigned network address, and means and source of payment information. 18 U.S.C. § 2703(c)(2). The government may also compel such information through an order issued pursuant to Title 18, United States Code, Section 2703(d). *See* 18 U.S.C. § 2703(c)(1)(B) and (c)(2).

4. To obtain records and other information pertaining to subscribers of a provider of an electronic communications service or remote computing service, the government must comply with Title 18, United States Code, Section 2703(c)(1), which provides, in pertinent part:

> A governmental entity may require a provider of electronic communication service or remote computing service to disclose a record

2

> or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when the governmental entity
>
> . . .
>
> (B) obtains a court order for such disclosure under subsection (d) of this section.

Section 2703(d), in turn, provides in pertinent part:

> A court order for disclosure under subsection (b) or (c) may be issued by any court that is a court of competent jurisdiction and shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation. . . . A court issuing an order pursuant to this section, on a motion made promptly by the service provider, may quash or modify such order, if the information or records requested are unusually voluminous in nature or compliance with such order otherwise would cause an undue burden on such provider.

5.  As described herein, this application has set forth specific and articulable facts showing that there are reasonable grounds to believe that the records sought are relevant and material to the ongoing criminal investigation. In particular, there is evidence that the **Subject Account** has been used to engage in, among other things, mail fraud and wire fraud, in violation of Title 18, United States Code, Sections 1341 and 1343 (the "**Subject Offenses**").

6.  The information sought pursuant to Title 18, United States Code, Section 2703(d) includes the following information (the "Requested Records"):

    a.  For the period of time from the creation of the account to the present, customer or subscriber account information, including but not limited to, any means and source of payment for services (including any credit card or bank account number), for the **Subject Account**.

3

b. For the period of time from the creation of the account to the present, all available non-content header information for messages sent to and from the **Subject Account**, including but not limited to address information, usernames of the sender and recipients of messages, date and time of the communication, routing information, IP address connection records, records of session times, and data transfer volume.

c. For the period of time from the creation of the account to the present, all device information (such as MAC addresses, IMEI, or IMSI) on which the **Subject Account** was accessed, including but not limited to hardware model, operating system, unique devices, identifiers, and mobile network identifiers including phone numbers.

d. For the period of time from the creation of the account to the present date, customer or subscriber account information for any account(s) linked by cookies, recovery email addresses, or telephone number to the **Subject Account**.

e. For the time period from the creation of the account to the present, all non-content header information for Google Sign-in connected applications and websites; Google Voice messages, voicemails, SMS messages, or other services, sent to and from any Google accounts; Google Drive data, including file sizes; and all Google Play Store purchase and download history, as well as the file size of location history records and any app backup data associated with the **Subject Account**.

7. The information requested should be readily accessible to the Service Provider by computer search, and its production is not anticipated to be burdensome.

4

## Factual Background

8. The Federal Bureau of Investigation ("FBI") is investigating violations of the **Subject Offenses**. More specifically, the FBI is investigating whether Robert Dunlap has solicited and obtained millions of dollars from investors through the fraudulent sale of "Meta 1 Coin," which Dunlap and others associated with Dunlap have purported to be an asset-backed cryptocurrency. During the investigation, the FBI has identified numerous categories of suspected fraudulent representations that Dunlap has made or caused to be made when soliciting investors to purchase META 1 Coin, including that:

    a. META 1 Coin is backed by assets valued at $1 billion or more, including art and gold;

    b. The art and gold purportedly backing META 1 Coin was in the physical possession of Meta 1 Coin Trust and was insured;

    c. The gold was being audited by prominent one or more prominent auditing firms, including KPMG;

    d. META 1 Coin investors could not lose money on their investment; and

    e. META 1 Coin was expected to increase in value by as much as 1000 times the current asset-backed value.

9. In March 2020, the United States Securities and Exchange Commission (SEC) filed an emergency action against Robert Dunlap, the META 1 Coin Trust, and others. On February 8, 2021, the court entered an order of default judgment against

Dunlap and the other defendants. During the litigation with the SEC, Dunlap has communicated with the SEC using **Subject Account 1**.

10. According to a subpoena response from Intuit Inc. (the owner of QuickBooks), Robert Dunlap was listed as a contact for the QuickBooks Online account for Meta 1 Coin Trust using the email address for **Subject Account 1**.

11. On or about August 22, 2021, in response to a prior Section 2703(d) Order issued by this Court (21 M 60043), the Service Provider provided non-content email header information to the government for **Subject Account 1**. That information reflects numerous emails between **Subject Account 1** and email addresses associated with Meta 1 Coin, including email addresses that use the name "meta1." The government is seeking the instant order to update that information through the current date and to determine whether the emails in that account continue to be in the possession of the Service Provider.

12. IP connection history records and other non-content records from the **Subject Account** will assist the FBI by revealing the existence of additional possibly defrauded investors, the identity of individuals possibly involved in the **Subject Offenses**, the locations (based on IP Addresses) of the subjects when pertinent communications were exchanged, and Dunlap's use of the **Subject Account** to conduct the suspected scheme to defraud.

**Nondisclosure and Sealing of this Application and this Court's Orders**

13. This Court has authority under Title 18, United States Code, Section 2705(b) to issue "an order commanding a provider of electronic communications

6

service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order."

14. The Court "shall enter such an order if it determines that there is reason to believe that notification of the existence of the warrant, subpoena, or court order will result in: (1) endangering the life or physical safety of an individual; (2) flight from prosecution; (3) destruction of or tampering with evidence; (4) intimidation of potential witnesses; or (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial." 18 U.S.C. § 2705(b).

15. In this case, such an order would be appropriate because notification of the existence of this Order would jeopardize the ongoing investigation, including by giving Dunlap an opportunity to flee from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates.

16. The United States therefore requests that, pursuant to the preclusion of notice provisions of Title 18, United States Code, Section 2705(b), the Service Provider be ordered not to notify any person (including the subscriber or customer to which the materials relate) of the existence of this Order until: (a) March 27, 2024; or (b) further order of the Court, except that the Service Provider may disclose the Order to an attorney for the Service Provider for the purpose of receiving legal advice.

17. The United States further requests that the Court order that this application and any resulting orders be sealed until March 27, 2024, or further order of the Court. As explained above, these documents relate to an ongoing criminal

investigation, the extent of which is not known to the subjects of the investigation. Thus, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by revealing the focus, stage, direction, and strategy of the investigation.

WHEREFORE, it is respectfully requested that the Court grant the attached Orders (1) directing the Service Provider to provide the United States with the Requested Records identified above within 14 days of the receipt of the Order; (2) directing the Service Provider not to disclose the existence or content of the Order to Service Provider until (a) March 27, 2024; or (b) further order of the Court, except that the Service Provider may disclose the Order to Service Provider to an attorney for the Service Provider for the purpose of receiving legal advice; and (3) directing that the Application and Order be sealed until March 27, 2024, or further order of the Court.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on: September 28, 2023

                                                /s/ *Corey B. Rubenstein*
                                                COREY B. RUBENSTEIN
                                                Assistant United States Attorney
                                                219 South Dearborn St., Rm. 500
                                                Chicago, Illinois 60604
                                                (312) 353-8880